UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MARQUIS JACOBS,

              Petitioner,

    – v. –

UNITED STATES OF AMERICA,

              Respondent.

**ORDER**

12 Crim. 72 (ER)
20 Civ. 5097 (ER)

RAMOS, D.J.:

      Marquis Jacobs is currently serving a thirty-year sentence following his 2014 pleas to a narcotics conspiracy and related charges. On July 2, 2020, Jacobs filed a *pro se* motion seeking a sentence reduction. Doc. 127. Then, on October 20, 2020, in response to the COVID-19 pandemic, Jacobs filed a *pro se* motion for compassionate early release. Doc. 135. For the reasons set forth below, Jacobs' motions are denied.

**I.    Background**

      Jacobs was arrested on December 2, 2011 and subsequently charged in a six-count superseding indictment on May 22, 2013 covering conduct dating back to 2003. Jacobs, who was a member of the Rollins Street Gangsters and the Elm Street Wolves, was charged with conspiring with fellow gang members to traffic narcotics (count 1), knowingly using and carrying firearms in the furtherance of a drug trafficking crime (count 2), including in the July 28, 2011 shooting death of rival gang member Carlos Patricio (count 3), conspiring to commit robbery of other drug dealers (count 4), knowingly using and carrying firearms in the furtherance of the robbery conspiracy, a crime of violence (count 5), and attempted conspiracy to commit

robbery of other drug dealers (count 6).[1]  Doc. 52.  The superseding indictment also provided for forfeiture of the proceeds of the narcotics sales.  *Id.*

On February 26, 2014, Jacobs pleaded guilty to a narcotics trafficking conspiracy pursuant to 21 U.S.C. § 841(b)(1)(C) (a lesser-included offense of count 1); using a firearm in the murder of Patricio in furtherance of a drug trafficking crime pursuant to 18 U.S.C. §§ 924(j) (count 3), and conspiracy to commit Hobbs Act robbery pursuant to 18 U.S.C. § 1951 (count 4). Doc. 74 at 3, 6-12, 22-38.  At the plea hearing, Jacobs admitted to shooting Patricio "over drugs" and "during the course of trying to clear the street for drug territory."  *Id.* at 29-32.

At the October 29, 2014 sentencing, the Court heard from several family members of Patricio, Jacobs' attorney, and Jacobs himself.  Doc. 89.  The Court then sentenced Jacobs to an aggregate term of thirty years' incarceration and three years of supervised release.  Doc. 89 at 46. The Court reasoned that Jacobs had "committed the most serious of offenses" by taking Patricio's life, but sentenced him to a term of thirty years rather than life because the Court did not believe that Jacobs was "beyond redemption."  Doc. 89 at 43-45.  Jacobs did not seek an appeal.[2]  Doc. 127 at 1.

On July 2, 2020, Jacobs filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  *Id.*  Jacobs argues that he is "Actually Innocent" and that his pleas to the Hobbs Act robbery and firearm counts were "unknowing" based on *U.S. v. Davis*, 139 S. Ct. 2319 (2019).  *Id.* at 4-5.  On October 6, the Government opposed Jacobs' § 2255 motion, arguing that his claims are procedurally barred and in any event unavailing.  Doc. 134.

---

[1] Firearms counts 2 and 3 specifically refer to "the narcotics conspiracy charged in Count One of this Indictment" as the applicable predicate offense.  *Id.* at ¶¶ 5-6.  Firearms count 5 used the count 4 robbery as a predicate.  *Id.* at ¶ 9.

[2] The Second Circuit granted Jacobs' motion to withdraw his appeal on December 2, 2015.  Doc. 94.

On October 20, 2020, Jacobs filed a *pro se* motion pursuant to 18 U.S.C. § 3582 for compassionate early release.[3] Doc. 135. Jacobs argues that his circumstances warrant early release because he suffers from type 2 diabetes and chronic bronchitis putting him at high risk from Covid-19 infection. *Id.* at 1. Jacobs further argues that he has made rehabilitative strides while incarcerated by attaining his GED, completing a drug treatment program, and becoming certified in home improvement, concrete, and business administration. *Id.* at 3-9. Finally, Jacobs argues that, if he were released, he would return home to a strong support system composed of his partner, three children, and four step-children. *Id.* at 1.

On October 29, the Government opposed Jacobs' § 3582 motion. Doc. 137. While the Government concedes that his type 2 diabetes is an extraordinary and compelling circumstance under § 3582(c)(1)(A)(i), the Government argues that the seriousness of the offense, the fairness of the sentence, and Jacobs' prior offenses counsel against early release in this case.[4] *Id.* at 5-6.

## II.     Standards

### A.     28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner who was sentenced by a federal court can petition the sentencing court to modify his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255 motions "conflict with society's strong interest in the finality of criminal convictions, so defendants are subject to a

---

[3] Jacobs is incarcerated at Federal Correctional Institution Coleman Medium in Sumterville, Florida. Doc. 135 at 2. According to BOP, at the time of this filing, zero inmates have an active case of coronavirus, 279 inmates have recovered from coronavirus, and two inmates have died from coronavirus at Coleman Medium. Covid-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited Dec. 7, 2020). With respect to staff, thirty-seven currently have coronavirus, five have recovered from coronavirus, and none have died. *Id.*

[4] The Government confirmed that Jacobs has exhausted his administrative remedies. *Id.* at 1.

higher bar to upset a conviction on a collateral, as opposed to direct, attack." *Bright v. U.S.*, No. 14 Crim. 968 (WHP), 2018 WL 5847103, at *2 (S.D.N.Y. Nov. 8, 2018) (quoting *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010)).

### B. 18 U.S.C. § 3582

A court may not "modify a term of imprisonment once it has been imposed except pursuant to statute." *U.S. v. Roberts*, No. 18 Crim. 528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (citation omitted). Under § 3582(c)(1)(A)(i), a court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" warranting a reduction. In evaluating compassionate release motions, district courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them[.]" *U.S. v. Brooker*, 976 F.3d 228, 237 (2d. Cir. 2020) (finding compassionate release applications are not limited by the guidance in the U.S. Sentencing Guidelines § 1B1.13).

If the sentencing court finds that "extraordinary and compelling reasons" exist to reduce a prisoner's sentence, it "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the Court should consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant[.]"

### C. *Pro Se* Petitions

*Pro se* petitions are "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Courts construe their submissions "liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

4

### III. Discussion

#### A. Jacobs is Not Entitled to Relief under § 2255

As an initial matter, Jacobs is procedurally barred from raising his claims under § 2255 because he failed to raise them on direct appeal. *Gupta v. U.S.*, 913 F.3d 81, 84 (2d Cir. 2019). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent[.]" *Id.* (citations omitted). Actual innocence in this context requires "factual innocence, not mere legal insufficiency," and "demonstrat[ing] that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 85 (citations omitted). Here, Jacobs has alleged that he is actually innocent but has provided no evidence to support his factual innocence. Nor can he, given that he specifically admitted to engaging in a narcotics conspiracy, conspiracy to rob of other drug dealers, and the shooting of Patricio in furtherance of the drug trafficking conspiracy at the time of his plea.

Even if his claims were not procedurally barred, Jacobs' challenge to his convictions under §§ 924(j) and 1951 has no substantive merit. Section 924(j) provides, in relevant part, that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]" § 924(j)(1).

Subsection (c) of section 924 sets an enhanced penalty for "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a

5

firearm" unless "a greater minimum sentence is otherwise provided by this subsection or by any other provision of law[.]" §§ 924(c)(1)(A). Section 924(c) then provides definitions for the terms "crime of violence" and "drug trafficking crime." §§ 924(c)(2), 924(c)(3).

Relying on *U.S. v. Davis*, 139 S. Ct. 2319 (2019), Jacobs argues that his § 924(j) conviction should be overturned. In *Davis*, the Supreme Court held that the definition of "crime of violence" contained in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). However, Jacobs' conviction pursuant to § 924(j) is for discharging a firearm killing Patricio during the course of a *drug trafficking crime*, to wit a narcotics conspiracy, not a crime of violence. "*Davis* has no effect on convictions under § 924(c) where the predicate offense was a drug trafficking crime rather than a crime of violence." *Williams v. U.S.*, Nos. 16 Crim. 256, 19 Civ. 11402 (KMW), 2020 WL 6683075, at *2 (S.D.N.Y. Nov. 12, 2020) (citations omitted); *see also Flowers v. U.S.*, Nos. 14 Crim. 768-2, 19 Civ. 11950 (VB), 2020 WL 6782047, at *2 (S.D.N.Y. Nov. 18, 2020) (collecting cases); *U.S. v. Rhodes*, Nos. 12 Crim. 31 (VM), 2020 WL 1814116, at *1 (S.D.N.Y. Apr. 9, 2020) ("Because *Davis* concerns crimes of violence rather than drug trafficking crimes, it does not affect the validity of either charge to which Rhodes pleaded guilty."); *Harris v. U.S.*, Nos. 15 Crim. 445-11, 18 Civ. 5248 (PAE), 2019 WL 5887386, at *1 (S.D.N.Y. Nov. 12, 2019) (finding the "drug trafficking crime . . . means of violating § 924(c) is unaffected by *Davis* which limits only the scope of . . . 'crime of violence.'").

Similarly, the holding in *Davis* does not implicate Jacobs' § 1951 conviction. Section 1951 provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in

furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." § 1951(a). This provision in no way relates to § 924(c)(3)(B). Nor was Jacobs' § 1951 conviction used as a predicate for the firearms count. *Cf. Jimenez v. U.S.*, Nos. 13 Crim. 58, 16 Civ. 4653 (AKH), 2019 WL 5306976, at *2 (S.D.N.Y. Oct. 21, 2019) (acknowledging that "Hobbs Act robbery conspiracy is no longer a valid § 924(c) predicate"). Jacobs explicitly pleaded guilty to the firearms count with a predicate drug trafficking conspiracy, not a predicate robbery conspiracy.

Accordingly, Jacobs' § 2255 motion is denied.

**B.    Jacobs' Circumstances Do Not Warrant a Sentence Reduction under § 3582**

Jacobs is also not entitled to compassionate release. While the Government concedes that his diabetes diagnosis constitutes extraordinary and compelling reasons under § 3582(c)(1)(A)(i), the factors enumerated in § 3553(a) do not merit early release in his case. At the plea hearing, Jacobs admitted to a host of very serious conduct, including a several-years long gang affiliation, conspiracy to commit drug trafficking and robbery, and a fatal shooting of another individual. Based on the magnitude of these offenses, the Court could have sentenced Jacobs to a life sentence but instead, in consideration of difficulties he faced growing up, sentenced him to thirty years, of which Jacobs has served less than half. *U.S. v. Rodriguez*, No. 12 Crim. 790 (PAE), 2020 WL 3578098, at *3 (S.D.N.Y. July 1, 2020) ("In no prior case has the Court ordered the early release of a murderer. And the Court, in general, has tended not to order the early release of defendants who had served less than half of their sentences, viewing such releases as generally incompatible with the § 3553(a) factors."); *cf. U.S. v. Gluzman*, No. 96 Crim. 323 (LJL), 2020 WL 6526238, at *1 (S.D.N.Y. Nov. 5, 2020) (affirming on reconsideration a subsequent case where a 71-year-old inmate was released because she had several serious medical conditions

putting her at grave risk from Covid-19 infection and had served 24 years of her life sentence for murder). Although the Court has no reason to doubt Jacobs' rehabilitation, family support, and reentry prospects, and encourages Jacobs to continue building on his personal achievements, they do not outweigh the seriousness of his offenses or compel a lesser sentence. *U.S. v. Reyes*, No. 91 Crim. 358-16 (KPF), 2020 WL 5518483, at *3-5 (S.D.N.Y. Sept. 14, 2020) (denying compassionate release to 60-year-old with hypertension and other preexisting conditions despite the Court being "heartened by [his] growth and accomplishments while incarcerated").

Jacobs' compassionate release motion is therefore denied.

### IV. Conclusion

For all of these reasons, Jacobs' motions are denied. The Court certifies under 28 USC § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. U.S*, 369 U.S. 438, 444-45 (1962). The Clerk is respectfully directed to terminate the motions, Docs. 127, 135.

It is SO ORDERED.

Dated:  December 7, 2020
        New York, New York

                                                            _____
                                                            EDGARDO RAMOS, U.S.D.J.